**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

Angel Rivera, on behalf of himself and others similarly
situated in the proposed FLSA Collective Action,

                                   Plaintiff,

                 - against -

787 Coffee LLC, and Brandon Pena,

                                   Defendants.

Case No. 1:22-cv-01596-JPO

**MEMORANDUM OF LAW IN SUPPORT TO DEFENDANTS' MOTION FOR
SUMMARY JUDGMENT**

Diana Y. Seo, Esq.
Seo Law Group, PLLC
136-68 Roosevelt Avenue, Suite 726
Flushing, New York 11354
*Attorneys for Defendants*

**TABLE OF CONTENT**

I.   PRELIMINARY STATEMENT ................................................................... 1

II.  STATEMENT OF FACTS AND PROCEDURAL BACKGROUND ............................ 1

III. ARGUMENT .......................................................................................... *5*

   A.   SUMMARY JUDGMENT STANDARD ................................................ 5

   B.   THE OPT-INS CANNOT SHOW A GENUINE ISSUE OF MATERIAL FACT ON
THEIR UNPAID OVERTIME CLAIMS………………………............................6

       a.   The Opt-Ins Did Not Work Overtime and They Are Not Seeking Any Unpaid
Overtime Wages Through This Action as They Testified During Their
Depositions………………………………………………………………….6

       b.   b. The Opt-Ins Time Records Also Support the Opt-Ins Position That They
Are Not Entitled to Any Unpaid Overtime Wages As They Did Not Work
More Than 40 Hours Per Week………………………………………………7

IV.  CONCLUSION ...................................................................................... 8

**CASES**

*Anderson v. Mt. Clemens Pottery Co., 328 U.S. 680, 686-687 (1946)*………………………………6

*Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247, 106 S.Ct. 2505 (1986)* ............................ 5,6

*Benn v. Kissane, 510 F. App'x 34, 36 (2d Cir. 2013)*………………………………………………5

*Celotex Corp. v. Catrett, 477 U.S. 317, 322-23, 106 S.Ct. 2548, 2552-53 (1986)* ..................... 5,6

*Kubel v. Black & Decker Inc., 643 F.3d 352, 361 (2d Cir. 2011)*…………………………..........7

**STATUTES**

29 U.S.C. § 207(a)(l). .................................................................................................... 10

Fair Labor Standard Act§16 (b)…………………………………………………………………..6

Fed. R. Civ. P. 56(c) ..................................................................................................... 5

Fed. R. Civ. P. 56(c)(1)…………………………………………………..……………………….5

Fed. R. Civ. P. 56(c)(1)(A)……………………………………….…………………………………5

Fed. R. Civ. P. 56(c)(1)(B) …………………………………………………………….…………5

## I.    <u>PRELIMINARY STATEMENT</u>

Defendants 787 Coffee LLC (also referred to as "787 Coffee")  and Brandon Pena, (hereafter, collectively referred to as "Defendants"), respectfully seek an Order granting summary judgment in their favor on the ground that they are entitled to judgment as a matter of law on the opt-in Plaintiffs, Matt Rosenbaum, Sheridan Plunkett, Kienan Ludke, and Isis Gamble (collectively referred to as "the opt-ins" or "The Plaintiffs")'s unpaid overtime claims.

The opt-ins were baristas who were employed by 787 Coffee at various times. The opt-ins seek to proceed to trial on a collective basis with the allegations of overtime claims. But the records conclusively show that none of the opt-ins actually worked more than 40 hours per week, and 787 Coffee had lawful overtime policies. Since there are no genuine issues of fact for trial on the opt-ins claims, summary judgment should be granted.

As shown herein, the opt-ins are unable to establish that they have ever performed any overtime work while working at 787 Coffee. In fact, after being provided with 787 Coffee's time-keeping records and detailed records showing the number of hours that they spent each day while working at 787 Coffee, they testified that they never worked more than 40 hours per week and/or they do not have any overtime claims against Defendants. Allowing the opt-ins to get to a trial with the claims that they disputed would be improper given their clear admission that they did not work overtime, and they were not seeking any unpaid overtime wages.

As a result, the opt-ins, Matt Rosenbaum, Sheridan Plunkett, Kienan Ludke, and Isis Gamble,'s unpaid overtime claims must be dismissed as a matter of law and judgment awarded in favor of Defendants.

## II.    <u>STATEMENT OF FACTS AND PROCEDURAL BACKGROUND</u>

1

787 Coffee is engaged in a coffee shop business in New York and dedicated to serve customers in Manhattan' for over 4 years. (Pena Aff.¶5). The Baristas at 787 Coffee are employed full-time and part-time basis. (Pena Aff.¶7). The baristas at 787 Coffee are comprised of Team-leader baristas and non-team leader baristas (aka, non-leader barista or "just barista"). (Pena Aff. ¶8; Rule 56.1 Statement ¶3; Exhibit E: Pena Depo Tr. 65:5-12). 787 Coffee offers an opportunity to some of the talented baristas to become a Team-leader and supervise the other non-leader barista(s) at the shop and schedule the non-leader barista(s)'s work shift. (Pena Aff.¶9). The non-leader baristas perform regular barista duties, such as making coffee drinks and serving the shop's customers. (Pena Aff.¶10). The baristas at 787 Coffee were not allowed to work over 40 hours a week. But if any of the baristas performed unauthorized overtime work without permission, they were paid for their overtime hours after receiving a warning from 787 Coffee. (Exhibit E: Pena Depo Tr. 65:13-21; Pena Aff. ¶10; Rule 56.1 Statement ¶4).

On February 25, 2022, Plaintiff Angel Rivera filed a collective action Complaint alleging, among other claims, unpaid overtime wages under the Fair Labor Standard Act ("FLSA") and New York Labor Law ("NYLL"). (See, Dkt No.1_Compl. ¶¶57-72). On March 25, 2022 Matt Rosenbaum filed consent to sue, on April 12, 2022 Sheridan Plunkett filed a Consent to Sue, on April 25, 2022 Kienan Ludke filed a Consent to Sue , and on June 24, 2022, Isis Gamble filed a Consent to Sue to join this pending action. (See, Dkt Nos. 10, 14, 17, 23).

The opt-ins, Matt Rosenbaum, Sheridan Plunkett, Kienan Ludke, and Isis Gamble, worked as just baristas and/or "non-leader baristas" for 787 Coffee. (Pena Aff. ¶¶8, 12; Rule 56.1 Statement ¶4). Matt Rosenbaum worked from August 2021 until December 18, 2021;  Sheridan

2

Plunkett worked from September 2021 until March 2022; Kienan Ludke worked from February 2022 until May 2022; and Isis Gamble worked from February 2022 until June 2022 for 787 Coffee. (Pena Aff. ¶¶13-20; Rule 56.1 Statement ¶¶6-9).

Throughout the course of discovery, the opt-ins participated in their depositions. During their depositions, each of the opt-ins testified that they did not work more than 40 hours while working at 787 Coffee. A portion of the opt-ins deposition testimony is reflected as follows:

*As to Matt Rosenbaum's Testimony*

1. Matt Rosenbaum **did not work over 40 hours per week** at 787 Coffee. (Exhibit A: Rosenbaum Depo Tr. 49:4-6; Rule 56.1 Statement ¶11);

2. At 787 Coffee, Matt Rosenbaum generally worked between 20 and 21 hours per week or 20 to 30 hours per week depending on the number of shifts he performed. (Exhibit A: Rosenbaum Depo Tr. 48:17-25; 49:2-3; Rule 56.1 Statement ¶12); and,

3. Matt Rosenbaum **does not have any overtime claims**. (Exhibit A: Rosenbaum Depo Tr. 39:8-10;14-15; Rule 56.1 Statement ¶13).

*As to Sheridan Plunkett's Testimony*

1. Sheridan Plunkett **did not work more than 40 hours a week** while working at 787 Coffee because she was in school. (Exhibit B: Plunkett Depo Tr. 41:14-16; Rule 56.1 Statement ¶16); and,

2. Sheridan Plunkett **worked for 3 to 4 days per week from** 6:30 a.m. to 1:30 p.m. -1:45 p.m. (or **7 hours per day**); or from 1:45 p.m. to 8:00 p.m. – 8:30 p.m. (**or around 7.5 hours per day**) as a **part-time** barista.  (Exhibit B: Plunkett Depo Tr. 44:22-25; 57:12-20; Rule 56.1 Statement ¶15).

3

***As to Kienan Ludke's Testimony***

1. While working at 787 Coffee, Kienan Ludke was required to track his working hours. Additionally, **Kienan Ludke tracked his working hours** by taking a picture of his work schedule printed in a hard-copy form displayed "on the board" at 787 Coffee. (Exhibit C: Ludke Depo Tr. 38:10-16; Rule 56.1 Statement ¶18);

2. From February 2022 until Kienan Ludke's last day of his employment at 787 Coffee, he **performed "zero days" or "zero weeks" of overtime work**, and he **did not work more then 40 hours a week** based on his recollection. (Exhibit C: Ludke Depo Tr. 48:16-21, 25; 49:2-4; Rule 56.1 Statement ¶20); and,

3. Indeed, Kienan Ludke worked on average, **30 to 40 hours per week** while working at 787 Coffee. (Exhibit C: Ludke Depo Tr. 38:17-23; Rule 56.1 Statement ¶19).

***As to Isis Gamble's Testimony***

1. Isis Gamble started working at 787 Coffee while she was working for the university as she was looking for a **part-time work** to "supplement" her grad school. (Exhibit D: Gamble Depo Tr. 10:3-11; 19: 11-15; Rule 56.1 Statement ¶22);

2. At 787 Coffee, Isis Gamble was **required to clock-in and clock-out** using the system called, "Square reader," and **the number of hours reported in the "Square reader" was an accurate representation of the number of hours she worked**. (Exhibit D: Gamble Depo Tr. 29:17-25; 30:2, 15-17; Rule 56.1 Statement ¶25);

3. Isis Gamble has **never worked more than 40 hours per week** for 787 Coffee. (Exhibit D: Gamble Depo Tr. 16: 3-5; Rule 56.1 Statement ¶27); and,

4. Indeed, Isis Gamble worked **25 to 30 hours per week** on average, at 787 Coffee. (Exhibit D: Gamble Depo Tr. 22: 22-25; 23:2-3; Rule 56.1 Statement ¶26).

### III. __ARGUMENT__

### B. SUMMARY JUDGMENT STANDARD

Summary judgment may only be granted when the movant carries its burden of demonstrating there is no genuine issue of material fact for trial, and that it is entitled to judgment as a matter of law. *See* Fed. R. Civ. P. 56(c)*; See also, Celotex Corp. v. Catrett,* 477 U.S. 317, 322-23, 106 S.Ct. 2548, 2552-53 (1986)*; Anderson v. Liberty Lobby, Inc*., 477 U.S. 242, 247, 106 S.Ct. 2505 (1986). The moving party bears the initial burden of pointing to evidence in the record, "including depositions, documents [and] affidavits or declarations," Fed. R. Civ. P. 56(c)(1)(A), "which it believes demonstrate[s] the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). The moving party may also support an assertion that there is no genuine dispute by "showing . . . that [the] adverse party cannot produce admissible evidence [in] support" of such a contention. Fed. R. Civ. P. 56(c)(1)(B).

Once a motion for summary judgment is properly presented with affidavits or other supporting evidence, the burden shifts to the non-moving party to identify "specific facts showing that there is a genuine issue for trial." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986) (internal citation and quotation marks omitted).

A genuine dispute of material fact exists when "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson.* at 248; *accord Benn v. Kissane*, 510 F. App'x 34, 36 (2d Cir. 2013) (summ. order). The party asserting that a fact is genuinely disputed must support their assertion by "citing to particular parts of materials in the record" or "showing that the materials cited do not establish the absence . . . of a genuine dispute."  Fed. R. Civ. P. 56(c)(1).

Under the summary judgment rule, "the non-moving party may not rest upon the mere allegations or denials of the . . . pleadings, but . . . must set forth specific facts showing that there

5

is a genuine issue for trial." *Anderson v. Liberty Lobby, Inc*., 477 U.S. at 2510. Instead, summary judgment should be granted when a party "fails to make a showing sufficient to establish the existence of an element essential to that party's case," where "that party will bear the burden of proof at trial." *Celotex*, 477 U.S. at 322. In reviewing the record, "the judge's function is not himself to weigh the evidence and determine the truth of the matter" nor is it to determine a witness's credibility, but "[t]he inquiry performed is the threshold inquiry of determining whether there is the need for a trial." *Anderson*, 477 U.S. at 249, 250.

As set forth more fully below, Defendants contend that the opt-ins claims alleging unpaid overtime wages should be dismissed as the opt-ins are not entitled to any overtime wages, and there is no material issue of fact exists to preclude the Defendants from establishing entitlement to judgment as a matter of law.

## C.    THE OPT-INS CANNOT SHOW A GENUINE ISSUE OF MATERIAL FACT ON THEIR UNPAID OVERTIME CLAIMS

### a.    The Opt-Ins Did Not Work Overtime and They Are Not Seeking Any Unpaid Overtime Wages Through This Action as They Testified During Their Depositions

The opt-ins claims for unpaid overtime are not only unsupported, but disputed by their own testimony that they did not work more than 40 hours per week while working at 787 Coffee. An employee who brings suit under FLSA§16 (b) of the FLSA for unpaid overtime compensation has the burden of proving that she performed work for which she was not properly compensated. *Anderson v. Mt. Clemens Pottery Co.*, 328 U.S. 680, 686-687 (1946).

It is also well established that the plaintiffs here must show, for each pay period: (1) that they worked overtime beyond 40 hours in a workweek, (2) that they were not compensated for that overtime work, and (3) that 787 Coffee knew or should have known that they were

performing the uncompensated work. *Kubel v. Black & Decker Inc.,* 643 F.3d 352, 361 (2d Cir. 2011); 29 U.S.C. § 207(a)(l).

However, the opt-ins actually <u>denied</u> that they performed any overtime work *at all* while working for Defendants. The opt-in, Matt Rosenbaum, testified that he did not work over 40 hours per week, and he does not have any overtime claims against Defendants. (See, Exhibit A: Rosenbaum Depo Tr. 49:4-6; Exhibit A: Rosenbaum Depo Tr. 39:8-10;14-15; Rule 56.1 Statement ¶¶11,13). The opt-in, Sheridan Plunkett, also testified that she did not work more than 40 hours a week while working at 787 Coffee because she was in school. (Exhibit B: Plunkett Depo Tr. 41:14-16; Rule 56.1 Statement ¶16). Similarly, the opt-in, Kienan Ludke, testified that he performed "zero days" or "zero weeks" of overtime work, and he did not work more then 40 hours a week. (Exhibit C: Ludke Depo Tr. 48:16-21, 25; 49:2-4; Rule 56.1 Statement ¶20). Finally, the opt-in, Isis Gamble, also testified that she only worked 25 to 30 hours per week on average and never worked more than 40 hours per week while working at 787 Coffee. (Exhibit D: Gamble Depo Tr. 22: 22-25; 23:2-3; 16: 3-5; Rule 56.1 Statement ¶¶26-27).

The clear facts of the record reflected in the opt-ins deposition transcripts show that they did not perform any overtime work while working at 787 Coffee, and they are not seeking to pursue any unpaid overtime wages against Defendants. As such, In sum, it is apparent that the opt-ins cannot (and/or do not intend to) get to a trial where they are not pursuing any overtime claims under FLSA and NYLL. Therefore, the opt-ins unpaid overtime claims should be dismissed with prejudice.

      **b. The Opt-Ins Time Records Also Support the Opt-Ins Position That They Are Not Entitled to Any Unpaid Overtime Wages As They Did Not Work More Than 40 Hours Per Week**

Discovery revealed that the opt-ins have no conceivable claim under FLSA and NYLL for unpaid overtime wage violations. The time records exchanged during the course of discovery reflected that Sheridan Plunkett worked on average, from 7 to 7.5 hours per day for 3 to 4 days while working at 787 Coffee. (See, Exhibit A to Pena Aff.) Indeed, Sheridan Plunkett also confirmed that she did not work more than 40 hours a week during her deposition. (Exhibit B: Plunkett Depo Tr. 41:14-16; Rule 56.1 Statement ¶16). Also, Kienan Ludke's time records reflected, consistent with his deposition testimony that he performed "zero days" or "zero weeks" of overtime work, and he did not work more then 40 hours a week based on his recollection. (See, Exhibit B to Pena Aff.; Exhibit C: Ludke Depo Tr. 48:16-21, 25; 49:2-4; Rule 56.1 Statement ¶20). Lastly, Isis Gamble testified that the Defendants' record reflecting her daily working hours (aka, "Square reader" record) was an accurate representation of the number of hours she worked and she only worked 25 to 30 hours per week on average, at 787 Coffee. (See, Exhibit C to Pena Aff.; Exhibit D: Gamble Depo Tr. 29:17-25; 30:2, 15-17; 22: 22-25; 23:2-3, Rule 56.1 Statement ¶¶25-26 ). Likewise, Matt Rosenbaum identified that he generally worked between 20 and 21 hours per week or 20 to 30 hours per week and did not work over 40 hours per week while at 787 Coffee (Exhibit A: Rosenbaum Depo Tr. 48:17-25; 49:2-3, Rule 56.1 Statement ¶¶11-12).

## IV.   <u>CONCLUSION</u>

As stated above, there exists no genuine dispute as to the fact that the opt-ins did not work more than 40 hours per week and do not intend to seek any unpaid overtime wages. As such, Defendants respectfully request that the Court grant this motion for summary judgment under Rule 56 and dismiss the opt-ins unpaid overtime claims arising under FLSA and NYLL against Defendants.

Dated: July 14, 2023
      Flushing, NY 11354

                                    Seo Law Group, PLLC

                                    By:_____/s/ *Diana Seo*_____
                                     Diana Y. Seo, Esq.
                                    136-68 Roosevelt Ave., Suite 726
                                    Flushing, NY 11354
                                    (718) 500-3340
                                    *Attorneys for Defendants*